# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| S.R.W., *Plaintiff*, v. Comm'r of SOCIAL SECURITY, *Defendant*. | CIVIL ACTION NO. 5:20-cv-00027-TES-CHW |

### ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO SECTION 406(b) OF THE SOCIAL SECURITY ACT

Before the Court is a Motion for Award of Attorney's Fees ("the Motion") [Doc. 21] pursuant to Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), following a remand of the above-captioned case under sentence four of 42 U.S.C. § 405(g). *See* [Doc. 18] *in connection with* [Doc. 19].

The Social Security Administration, through the United States Attorney's Office for the Middle District of Georgia, has communicated to the Court that it does not oppose the amount sought pursuant to § 406(b) in the Motion. Still though, the Court is required "to examine the agreement, the amount of fees, and make an independent determination that the fees are reasonable for the results in a particular case." *King v. Comm'r of Soc. Sec.*, No. 6:16-cv-2246-DNF, 2023 WL 5336763, at *1 (M.D. Fla. Aug. 18, 2023) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).

Section 406(b) allows the Court to award fees to an attorney whose client is a successful claimant in a social security matter. *King*, 2023 WL 5336763, at *1. The fee award "must not exceed twenty-five percent (25%) of the total past-due benefits awarded to the claimant." *Id.* (citations omitted); *see, e.g.*, [Doc. 21, p. 2 ¶ 5 (noting past-due benefits in the amount of $131,926.90)].

Determining the reasonableness of the requested fees involves a three-step process. *King*, 2023 WL 5336763, at *1. "First, a court looks to the contingent-fee agreement and verifies that it is reasonable." *Id.* (citing *Gisbrecht*, 535 U.S. at 808). Here, the Court finds that counsel's $200 per-hour fee in light of his more than 25 years of experience in "social security disability law" is reasonable. [Doc. 21, p. 3 ¶ 6]. "Second, a court looks to see if the attorney delayed the case, and third, [it] looks to see if the benefits are large in comparison to the time counsel spent on the case." *King*, 2023 WL 5336763, at *1 (citing *Gisbrecht*, 535 U.S. at 808). Likewise, upon review of the "Schedule of Time Spent" memorandum submitted to the Court, the Court finds that the time spent is also reasonable. *See generally* [Doc. 21-2].

Therefore, upon review of the Motion, the Court **AWARDS** attorney's fees in the amount of $3,900.00 pursuant to 42 U.S.C. § 406(b).

**SO ORDERED**, this 21st day of August, 2023.

> S/ Tilman E. Self, III
> **TILMAN E. SELF, III, JUDGE**
> **UNITED STATES DISTRICT COURT**

2